UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENNITH W. MONTGOMERY** | : | **CIVIL ACTION NO. 13-884** |
| **#123966** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **STATE OF LOUISIANA, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Kennith W. Montgomery on April 25, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana. He names twenty-two (22) defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.  *Statement of the Case*

Plaintiff states that on two occasions during the first week of January 2012, defendants sent an informant into his home wearing a wire. Doc. 1, att. 2, p. 2. He contends that the use of the wire was illegal as defendants did not have proper authorization. *Id.* Plaintiff states that he was arrested on drug charges on July 16, 2012. *Id.* He claims that his arrest was based solely on evidence obtained from the illegal use of the wire. *Id.*

Following his arrest, plaintiff contends, he filed several pre-trial motions in the state district court. *Id.* He further contends that (1) defendants entered into a conspiracy to violate his constitutional rights by "holding back" his motions and filings and the district court's answers to

his motions; (2) defendants maliciously withheld discovery until just days before trial; (3) he was not aware of his trial date until the actual day of the trial and that defendants violated his equal protection rights by changing his pre-trial date into an earlier trial date, (4) defendant Davis granted the State's motion for a speedy trial but denied his motion; (5) defendant Stagg was appointed as his attorney against his wishes and in an effort by the defendants to sabotage his case; (6) defendants violated his constitutional right to privacy by sending the informant into his house wearing an illegal wire; (7) defendant Davis should have recused himself from plaintiff's case because plaintiff had filed suit against him previously. Doc. 1, att. 2.

## II.     Relief

As relief for the above, plaintiff seeks a declaratory judgment acknowledging the various violations of his constitutional rights and immediate release from incarceration. He also seeks compensatory damages for the physical and emotional injuries resulting from his illegal arrest, trial, and incarceration and punitive damages. *Id.* at 15-16.

## III.     Law and Analysis

### A. Screening

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.

*Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

    B. *Heck v. Humphrey* **Considerations**

Plaintiff is seeking monetary compensation in regard to his claims.  The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas."  *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  *Heck,* which involved a civil rights claim brought by a state prisoner, is also applicable to claims for injunctive relief that imply the invalidity of the conviction.  *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir.2002).  Further, the *Heck* doctrine has been held to apply to a claim brought pursuant to 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of the procedures used to deprive him of good time credits.  *See Edwards v. Balisok*, 520 U.S. 641, 646-648, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997)(deciding that a § 1983 civil rights action which claims necessarily imply the invalidity of a disciplinary action is not cognizable unless the disciplinary action has been reversed, expunged or otherwise invalidated).

As previously stated, plaintiff seeks monetary compensation for physical and emotional injuries resulting from his alleged illegal arrest, trial, and incarceration. If the court were to grant plaintiff the damages he seeks, such ruling would necessarily implicate the validity of his conviction. Accordingly, under *Heck*, plaintiff must demonstrate that his sentence has been reversed, invalidated, or expunged prior to bringing the instant action. Plaintiff has failed to make such a showing. Consequently, his claim for monetary damages is "legally frivolous" within the meaning of 28 U.S.C. § 1915. *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir.1996).

### C. *Habeas Corpus Considerations*

*Habeas corpus* provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"). In the present case, plaintiff seeks credit for time-served in Arkansas. Since the granting of this credit would result in the plaintiff receiving an accelerated release from incarceration, he must pursue any such request through a petition for *habeas corpus* relief.

In order for this court to construe this civil action as a petition for *habeas* relief, the plaintiff is required to have exhausted his available state remedies. *See Preiser*, 411 U.S. at 477. Generally the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). In Louisiana, the highest court is the Louisiana Supreme Court; therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who attacks the legality of his

confinement must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court.  A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Supreme Court writ judgments involving the plaintiff, and therefore, it is safe to conclude that he did not present the substance of his claims to Louisiana's highest court.

Consequently, this portion of the complaint will not be construed as a petition for *habeas corpus* relief.  After plaintiff exhausts his state court remedies, and in the event he wishes to pursue a petition for *habeas* relief in this court, he may file such petition.

*Conclusion*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Plaintiff may reassert his claim if and when he can meet the *Heck v. Humphrey* conditions.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

**the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.1996).**

THUS DONE this 31st day of March, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE